UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO: 13-011 |
| v. | * | SECTION: "C" (5) |
| C. RAY NAGIN | * | |
| | * | |

\* \* \*

UNITED STATES' UNOPPOSED
MOTION FOR A DISCOVERY PROTECTIVE ORDER

**NOW INTO COURT**, through the undersigned Assistant United States Attorneys, comes the United States of America who respectfully moves this Honorable Court for the entry of a protective order to protect the confidential and sensitive nature of the documents provided to the defense during discovery. Counsel for the defense has been consulted and consents to the entry of a protective order. In support thereof, the United States respectfully submits the following:

1.  On January 18, 2013, a federal grand jury returned a twenty-one (21) count indictment charging the defendant with conspiracy, honest services wire fraud, bribery, money laundering and filing false tax returns. Rec. Doc. No. 1.

2.  In preparation for trial, the United States will produce extensive discovery to the defendant. The discovery will include, electronic communications, financials reports, tax returns,

banking records, telephone records, records of matters occurring before the grand jury and other sensitive and confidential materials. Documents disclosed during discovery will contain personal identifying information, sensitive information, grand jury materials and confidential information related to third parties.

3. In the interest of complete discovery, the United States will provide these materials without redactions. However, consistent with Department of Justice policy, the United States must ensure that the documents disclosed during discovery that contain records of matters occurring before a grand jury, records containing personal identifying information and otherwise confidential and sensitive materials are appropriately protected.

4. Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides, in pertinent part: "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief," and Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure permits court authorized disclosure of grand jury materials in certain circumstances. Rule 6(e)(3)(E) provides, in pertinent part, that a court: "may authorize disclosure–at a time, in a manner, and subject to any other conditions that it directs–of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding ....". Pursuant to these provisions, courts routinely issue protective orders during discovery.

5. Given the United States' strong interest in protecting grand jury secrecy and the confidential and sensitive nature of personal information which might be disclosed in the discovery materials, the United States respectfully proposes the entry of a protective order. To that end, the

United States proposes a protective order that contains the following conditions [the contents of the proposed order are outlined below]:

**PROPOSED ORDER**

a.      The United States will provide one copy of all discovery (collectively, "Protected Material") to defense counsel. Defense counsel (and the defendant) shall not use the Protected Material for any purpose other than preparing a defense to this matter.

b.      Defense Counsel will make the Protected Material available to the defendant for review under circumstances that ensure personal identifying information and references to grand jury matters are not further disseminated to the public.

c.      Defense counsel shall not permit other persons to copy the Protected Material, and shall not disseminate copies of the Protected Material. However, defense counsel may make copies necessary to prepare a defense, and may distribute copies to staff personnel assisting in the defense. The defense may also provide copies to any expert retained to assist in the defense of this matter. However, should counsel provide disclosure and copies to other individuals assisting in the defense of this matter, defense counsel shall provide such persons with a copy of this protective order and advise such persons that the Protected Material is not to be further copied or disseminated. Defense counsel will also ensure that such persons return all copies of the Protected Material as soon as reasonably practicable. Defense counsel shall also maintain an inventory of all Protected Materials disseminated or released to individuals other than the defendant. This inventory shall include a list of all individuals that accessed or reviewed Protected Materials.

d.  Prior to including any portion of a Protected Material in a public filing, the defendant will also adhere to the restrictions outlined in Rule 49.1 of the Federal Rules of Criminal Procedure (Privacy Protection for filings Made with the Court).

e.  Disclosure consistent with this protective order shall be deemed authorized by law and not to violate 18 U.S.C. § 1905, the Privacy Act (5 U.S.C. § 552, *et.seq*.) or Rule 6 of the Federal Rules of Criminal Procedure.

f.  This order may be revised by the Court at any time upon a proper showing of cause, and nothing in this order shall preclude the defense upon a proper showing of cause from seeking additional discovery from the United States or from conducting an independent investigation of the matter under indictment.

**WHEREFORE**, the United States respectfully requests this Court to enter the proposed protective order.

New Orleans, Louisiana, this 31st day of May, 2013.

Respectfully Submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

  /s/ RICHARD R. PICKENS, II
MATTHEW M. COMAN  [23613]
RICHARD R. PICKENS, II  [22593]
Assistant United States Attorneys
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Phone: (504) 680-3116

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to defense counsel of record.

        /s/ Richard R. Pickens, II
RICHARD R. PICKENS, II [22593]
Assistant United States Attorney