UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. 13-011 |
| v. | * | SECTION: "C"(5) |
| C. RAY NAGIN<br>a/k/a "Mayor Nagin" | * | |
| | * * * | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* FOR DETERMINATION THAT RECORDS QUALIFY AS BUSINESS RECORDS UNDER FEDERAL RULE OF EVIDENCE 803(6) AND NOTICE OF INTENT TO OFFER AFFIDAVITS UNDER FEDERAL RULE OF EVIDENCE 902(11)**

**NOW INTO COURT**, comes the United States, through the undersigned Assistant United States Attorneys, and seeks a preliminary determination, as authorized by Federal Rule of Evidence 104, of the admissibility of evidence pursuant to the business records exception to the hearsay rule, Rule 803(6) of the Federal Rules of Evidence.  The United States anticipates using various documents during its case-in-chief which have been furnished by records custodians from various corporate and public entities including JP Morgan Chase Bank, Whitney Bank, Cellco Partnership (d/b/a Verizon Wireless), Sprint, AT&T Mobility (formerly Cingular), Gulf Coast Claims Facility / Deepwater Horizon Claims Center, Winters Title Agency, Tulane University, Clerk of Court-Civil District Court (Orleans Parish),[1] and Mighty Mowers Lawn & Landscape, LLC concerning the conduct outlined in the pending Indictment.  The respective custodians, from all the aforementioned entities, have provided sworn declarations under the penalty of perjury that the records provided to the United States, which it now seeks to use in its case-in-chief, are true and authentic business or public records.  The records supplied to the United States by the records

---

[1] As set forth below, certified court records from the Clerk of Court for Civil District Court in Orleans Parish, Louisiana, are admissible under the "public records" exception to the hearsay rule (as opposed to the business records exception), and authenticated under the "public records" authentication rule.  *See* FED. R. EVID. 803(8) and 902(4); *infra*, Part II.I.

custodians for these entities have been provided to the defendant in the course of discovery and the defendant has stipulated to some records (just not the below-listed records) produced by the very same entities and record custodians set forth below. As the Court is aware, authentication is a necessary prerequisite of admitting documents into evidence. Likewise, establishing an exception to the hearsay rule is prerequisite to having documents admitted into evidence. At this stage, the United States requests that the Court, as provided in Rule 104, make the preliminary determination that the foundational prerequisites for admission under Rules 902(11) (business records authentication), and 803(6) (business records hearsay exception) have been met, as set forth more fully below.

## I.  LAW

The Court's prerogative to make preliminary determinations regarding the application of the rules of evidence is set forth in Rule 104. Rule 104(a) provides:

> Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privilege.

This rule applies to all preliminary determinations, including the question whether documents fall within the business records exception to the hearsay rule. *See United States v. Dreer*, 740 F.2d 18,19-20 (11th Cir. 1984) (holding that the preliminary determination is made by the judge); *see also Bourjally v. United States*, 483 U.S. 171, 175 (1987).

The prerequisites for admissibility under Rule 803(6) must be established by the Court by a preponderance of the evidence. *See Bourjally*, 483 U.S. at 175. Rule 803(6) provides that the following is not excluded by the hearsay rule:

> (6) Records of Regularly Conducted Activity. – A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

FED. R. EVID. 803(6). According to Rule 803(6), the authenticity of the records in question may be established through certifications obtained from the custodian of records. *See id.* That rule references Rule 902(11), which provides for the authenticity of the following:

> (11) Certified Domestic Records of Regularly Conducted Activity. – The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record –
>
> (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
>
> (B) was kept in the course of the regularly conducted activity; and
>
> (C) was made by the regularly conducted activity as a regular practice.
>
> A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

FED. R. EVID. 902(11).

Together, Rules 803(6) and 902(11) eliminate the need to incur the expense and inconvenience of producing time-consuming foundation witnesses. *See* FED. R. EVID. 803, Advisory Committee Notes to the 2000 Amendment. In sum, when read together, Rule 104

3

(preliminary questions on admissibility can be heard by the court); Rule 803(6) (business record exception to the hearsay rule); and Rule 902(11) (self-authentication of regularly kept business records) provide a mechanism – which has been well-established by case law – for introducing self-authenticating documents into evidence without calling a witness.  *See, e.g. United States v. Yeley-Davis*, 632 F.3d 673, 677-81 (10th Cir. 2011) (holding that a 902(11) certification from cell phone provider custodian established that records were business records admissible under Rule 803(6) through a law enforcement agent); *United States v. Lock*, 411 Fed. Appx. 5, 7 (7th Cir. Nov. 29, 2010) (unpublished); *United States v. Fajardo-Guevara*, 2011 WL 6003840, at *1 (M.D. La. Nov. 30, 2011) (unpublished) (Jackson, J.) (admitting cell phone records and bank records with business record certifications); *United States v. Hudson*, No. 2:09-CR-0171 (E.D. La. Nov. 2, 2011) (unpublished) (Rec. Doc. No. 189 at 6-8) (Vance, J.) (admitting financial records and cell phone records with business record certifications).

It bears mentioning that the admissibility of business records under Rule 803(6), and the procedure set forth in Rule 104 for determination of the preliminary questions regarding admissibility, are unaffected by the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004), which applies to certain hearsay.  In *Crawford*, the Supreme Court held that any "testimonial" hearsay may not be admitted in a criminal trial unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination.  541 U.S. at 68.  However, the Court made clear that business records admitted pursuant to an evidentiary hearsay exception are not the type of testimonial statements with which the Sixth Amendment Confrontation Clause is concerned.  *See Crawford*, 541 U.S. at 56.  The Supreme Court further clarified that "[b]usiness and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because – having been created for the administration of an

entity's affairs and not for the purpose of establishing or proving some fact at trial – they are not testimonial." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009).  Thus, in general, "after *Crawford*, business records are not testimonial in nature and their admission at trial is not a violation of the Confrontation Clause."  *United States v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007).[2]

The decision in *Crawford*, assuring a right to confront witnesses at trial, also has no bearing on the pretrial determination of admissibility authorized by Rule 104.  That rule has long provided that the rules of evidence do not apply in the trial judge's determination of admissibility. Further, the Fifth Circuit has held that "*Crawford* does not apply to the foundational evidence authenticating business records in preliminary determinations of the admissibility of evidence." *Morgan*, 505 F.3d at 339.  In *Morgan*, the Fifth Circuit upheld the use of co-conspirator grand jury testimony to authenticate business records admitted at trial.  *See* 505 F.3d at 338.  The Fifth Circuit found compelling the fact that the Supreme Court in *Crawford* had identified business records as non-testimonial and thus, reasoned that "it would be odd to hold that the foundational evidence authenticating the records falls under the Confrontation Clause."  *Morgan*, 505 F.3d at 338 (quoting *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006) (internal brackets omitted)). Moreover, since written certifications attesting to the authenticity of business records are "routine cataloguing of an unambiguous factual matter," there is no benefit to the "truth-seeking process" to require records custodians to appear in the "countless criminal cases" throughout the country merely to establish foundational requirements.  *Id.* at 339 (quoting *United States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005)).  In short, *Crawford* provides no barrier to the Court's

---

[2] Similarly, after *Crawford*, public records are not testimonial in nature and their admission at trial does not violate the Confrontation Clause.  *See Morgan*, 505 F.3d at 339 (citing *United States v. Lopez-Moreno*, 420 F.3d 420, 437 (5th Cir. 2005); *United States v. Rueda-Rivera*, 369 F.3d 678, 678-80 (5th Cir. 2005)).

determination to admit the aforementioned records when supported by a certification authenticating the records and excepting them from the hearsay rule. *See Yeley-Davis*, 632 F.3d at 678-81 (holding that 902(11) certifications do not run afoul of the Confrontation Clause); *Hudson*, No. 2:09-CR-0171 (E.D. La. Nov. 2, 2011) (Rec. Doc. No. 189 at 8-14 (holding that 902(11) certifications of, among others, financial institutions, are non-testimonial).

## II.     ARGUMENT & AUTHORITIES

During the trial, the Government intends to introduce into evidence certified records of regularly conducted activity pursuant to Federal Rules of Evidence 803(6) and 902(11). As set forth below, the certified records were furnished by records custodians from multiple corporate and public entities, including JP Morgan Chase Bank, Whitney Bank, Cellco Partnership (d/b/a Verizon Wireless), Sprint, AT&T Mobility (formerly Cingular), Gulf Coast Claims Facility / Deepwater Horizon Claims Center, Winters Title Agency, Tulane University, Clerk of Court-Civil District Court (Orleans Parish), and Mighty Mowers Lawn & Landscape, LLC.  These records have been certified – under penalty of perjury – that they were made at or near the time of the occurrence of the matters contained therein, kept in the course of the regularly conducted activity, and created as a regularly conducted activity.  In short, the documents meet the standards for admissibility under the Federal Rules of Evidence and should be admissible without the expense and inconvenience of producing time-consuming foundational witnesses.  *See* FED. R. EVID. 803, Advisory Committee Notes to the 2000 Amendment.

The admission of such documents into evidence in federal courts is routine.  *See United States v. Olguin*, 643 F.3d 384, 390-91 (5th Cir. 2011); *see also United States v. Brown*, 553 F.3d 768, 792-93 (5th Cir. 2008) (noting that Rule 902(11) provided for the admission of business records but finding that notice was untimely).  District courts within the Fifth Circuit have relied

upon these principles to make preliminary determinations concerning whether "the record was (1) made at or near the time by, or from information transmitted by, a person with knowledge, (2) kept in the course of a regularly conducted business activity, and (3) it was the regular practice of that business activity to make the record." *Fajardo-Guevara*, 2011 WL 6003840, at *1 (*quoting United States v. Ned*, 637 F.3d 562, 569 (5th Cir.2011)). The practice of admitting certified records in this manner, indeed the creation of the these particular rules themselves, reflects an acknowledgment that cross examination into the authenticity of such certified documents is in equal parts useless and time consuming.

While the defendant has stipulated to the authenticity/admissibility of certain records in this case – including records furnished by some of the very same records custodians and entities listed below – he has not done so for the below-listed records. Permitting the defendant to force the United States to call as witnesses all the records custodians for all these entities – who have already certified the records in question – would establish a troubling precedent. Moreover, requiring records custodians to appear simply to authenticate business records would lead to the unacceptable result of Rule 902(11) being rendered meaningless. *See, e.g., Colautti v. Franklin,* 439 U.S. 379, 392 (1979) (recognizing, in the context of a federal statute, that a well settled canon of statutory construction clarifies that "a statute should be interpreted so as not to render one part inoperative"). Consequently, the Government respectfully requests that the Court protect the established framework of the Federal Rules of Evidence and permit the introduction of the below-listed records without the need to call a foundational witness. *See, e.g. Yeley-Davis*, 632 F.3d at 677-81; *Lock*, 723 F.2d at 288; *Fajardo-Guevara*, No. 10-151, 2011 WL 6003840, at *1; *Hudson*, No. 2:09-CR-0171 (E.D. La. Nov. 2, 2011) (unpublished) (Rec. Doc. No. 189 at 6-8).

A.        JP Morgan Chase Bank

The United States seeks the admission of bank records from JP Morgan Chase Bank for Account Nos. x9932 (Seletha Nagin), x5522 (Seletha Nagin), x5242 (Jarin Nagin), x6850 (C. Ray Nagin and Seletha Nagin), x4025 (Jarin Nagin), x5342 (Jarin Nagin), x1073 (Jarin Nagin), and x3197 (Jeremy Nagin). On June 4, 2009, Nicole Stassi, a custodian of records for JP Morgan Chase Bank, certified that the records she produced, on behalf of JP Morgan Chase Bank, which included records from Account No. x9932, were authentic business records and were records that "were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters," were "kept in the course of regularly conducted business activity," and were made as a "regular practice" of JP Morgan Chase Bank's business. *See* Exhibit No. 1 (Affidavit of Ms. Nicole Stassi).

Similarly, on January 13, 2013, Amber Carlisle, a records custodian for JP Morgan Chase Bank, certified that the records she produced, on behalf of JP Morgan Chase Bank, which included records from Account Nos. x5522 (Seletha Nagin), x5242 (Jarin Nagin), x6850 (C. Ray Nagin and Seletha Nagin), x4025 (Jarin Nagin), x5342 (Jarin Nagin), x1073 (Jarin Nagin), and x3197 (Jeremy Nagin), were authentic business records and were records that "were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters," were "kept by JP Morgan Chase Bank, N.A., in the ordinary course of business," and that it was the "regular practice" of JP Morgan Chase Bank to make records of the transactions in the ordinary course of business. *See* Exhibit No. 2 (Affidavit of Ms. Amber Carlisle). These affidavits satisfy the foundational requirements of Rules 803(6) and 902(11) and the records are accordingly admissible under the business records exception. *See, e.g. Yeley-Davis*, 632 F.3d at 677-81; *Lock*, 723 F.2d at 288; *Fajardo-Guevara*, No. 10-151, 2011

WL 6003840, at *1; *Hudson*, No. 2:09-CR-0171 (E.D. La. Nov. 2, 2011) (unpublished) (Rec. Doc. No. 189 at 6-8).

      **B.**      **Whitney Bank**

The United States seeks the admission of bank records from Whitney Bank for Account No. x2852 in the name of Jeremy R. Nagin. On November 30, 2011, Jeanne Dutruch, the custodian of records for Whitney Bank, certified that the records she produced, on behalf of Whitney Bank, which included bank records relating to Account No. x2852 in the name of Jeremy R. Nagin, were authentic business records and were records that "were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of these matters," "were kept in the course of regularly conducted activity," and were made as a "regular practice" of Whitney Bank. *See* Exhibit No. 3 (Affidavit of Ms. Jeanne Dutruch). The affidavit thus satisfies the foundational requirements of Rule 803(6) and 902(11) and the records are accordingly admissible under business records exception. *See, e.g. Yeley-Davis*, 632 F.3d at 677-81; *Lock*, 723 F.2d at 288; *Fajardo-Guevara*, No. 10-151, 2011 WL 6003840, at *1; *Hudson*, No. 2:09-CR-0171 (E.D. La. Nov. 2, 2011) (unpublished) (Rec. Doc. No. 189 at 6-8).

      **C.**      **Cellco Partnership (d/b/a Verizon Wireless)**

The United States seeks the admission of business records from Cellco Partnership (d/b/a Verizon Wireless) ("Verizon") for telephone records relating to Mark St. Pierre and Rodney Williams (Charlene Williams). On December 26, 2012, Juan Polanco, a custodian of records for Verizon, certified that the records he produced, on behalf of Verizon, which included telephone records relating to Mark St. Pierre and Rodney Williams (Charlene Williams), were authentic business records and were records that "were made at or near the time of the occurrence of the

matters set forth by, or from information transmitted by, a person with knowledge of these matters," "were kept in the course of regularly conducted activity," and were made as a "regular practice" of Verizon.  *See* Exhibit No. 4 (Affidavit of Mr. Juan Polanco).  The affidavit thus satisfies the foundational requirements of Rule 803(6) and 902(11) and the records are accordingly admissible under business records exception.  *See, e.g. Yeley-Davis*, 632 F.3d at 677-81; *Lock*, 723 F.2d at 288; *Fajardo-Guevara*, No. 10-151, 2011 WL 6003840, at *1; *Hudson*, No. 2:09-CR-0171 (E.D. La. Nov. 2, 2011) (unpublished) (Rec. Doc. No. 189 at 6-8).

      **D.**      **Sprint Communications**

The United States seeks the admission of business records from Sprint Communications ("Sprint") for telephone records relating to the defendant.  On September 6, 2012, Linnette McCall, a custodian of records for Sprint, certified that the records she produced, on behalf of Verizon, which included telephone records relating to the defendant, were authentic business records and were records that "were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of these matters," "were kept in the course of regularly conducted activity," and were made as a "regular practice" of Sprint.  *See* Exhibit No. 5 (Affidavit of Ms. Linnette McCall).  The affidavit thus satisfies the foundational requirements of Rule 803(6) and 902(11) and the records are accordingly admissible under business records exception.  *See, e.g. Yeley-Davis*, 632 F.3d at 677-81; *Lock*, 723 F.2d at 288; *Fajardo-Guevara*, No. 10-151, 2011 WL 6003840, at *1; *Hudson*, No. 2:09-CR-0171 (E.D. La. Nov. 2, 2011) (unpublished) (Rec. Doc. No. 189 at 6-8).

      **E.**      **AT&T Mobility (formerly Cingular)**

The United States seeks the admission of business records from AT&T Mobility (former Cingular) ("AT&T") for telephone records relating to the defendant, the City of New Orleans,

Jeremy Nagin, George Solomon, and NetMethods.  On August 10, 2012 and September 18, 2012, Connie Basham, a custodian of records for AT&T, certified that the records she produced, on behalf of AT&T, which included telephone records relating the defendant, were authentic business records, were records that were maintained by AT&T "in the ordinary course" of its business, and were records that she relied upon during the course of her duties as an AT&T employee.  *See* Exhibit Nos. 6 (Affidavits of Ms. Connie Basham).

Similarly, on January 2, 2013, Erma Gilstrap, a custodian of records of AT&T, certified that the records she produced, on behalf of AT&T, which included telephone records relating to Jeremy Nagin, were authentic business records, were "made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters," and were kept "in the course of regularly conducted activity" and were made "as a regular practice" of AT&T.  *See* Exhibit No. 7 (Affidavit of Ms. Erma Gilstrap).

On January 3, 2013, Kimberly Thompson, a custodian of records of AT&T, certified that the records she produced, on behalf of AT&T, which included telephone records relating to George Solomon, were authentic business records, were records that were maintained by AT&T "in the ordinary course" of its business, and were records that she relied upon during the course of her duties as an AT&T employee.  *See* Exhibit No. 8 (Affidavit of Ms. Kimberly Thompson).

Finally, on September 12, 2013, Kristi Parks, a custodian of records of AT&T certified that the records she produced, on behalf of AT&T, which included telephone records relating to NetMethods, were "true and correct" business records, were records "maintained by AT&T in the ordinary course of business" and were records that she relied upon during the course of her duties as an AT&T employee.  *See* Exhibit No. 9 (Affidavit of Ms. Kristi Parks).

The affidavits thus satisfy the foundational requirements of Rule 803(6) and 902(11) and

the records are accordingly admissible under business records exception.  *See, e.g. Yeley-Davis*, 632 F.3d at 677-81; *Lock*, 723 F.2d at 288; *Fajardo-Guevara*, No. 10-151, 2011 WL 6003840, at *1; *Hudson*, No. 2:09-CR-0171 (E.D. La. Nov. 2, 2011) (unpublished) (Rec. Doc. No. 189 at 6-8).

### F. Gulf Coast Claims Facility / Deepwater Horizon Claims

The United States seeks the admission of records produced by the Gulf Coast Claims Facility / Deepwater Horizon Claims Center ("GCCF") relating to a claim made by Stone Age, LLC and its owners, including the defendant, regarding the oil spill arising from the Deepwater Horizon incident.  On September 16, 2013, Dustin R. Davis, a custodian of records for the GCCF, certified that the records the GCCF produced, which included documents relating to Stone Age, LLC's claim, were authentic business records and were records that "[w]ere made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters", were "kept in the course of regularly conducted business activity", and "were made by the regularly conducted activity as a regular practice by [the] GCCF." *See* Exhibit No. 10 (Affidavit of Dustin R. Davis).  The affidavit thus satisfies the foundational requirements of Rule 803(6) and 902(11) and the records are accordingly admissible under business records exception.  *See, e.g. Yeley-Davis*, 632 F.3d at 677-81; *Lock*, 723 F.2d at 288; *Fajardo-Guevara*, No. 10-151, 2011 WL 6003840, at *1; *Hudson*, No. 2:09-CR-0171 (E.D. La. Nov. 2, 2011) (unpublished) (Rec. Doc. No. 189 at 6-8).

### G. Winters Title Agency

The United States seeks the admission of business records from Winters Title Agency, Inc. ("Winters Title") for real estate records relating to the defendant.  On June 1, 2009, Vanessa Martin, a custodian of records for Winters Title, certified that the records she produced, on behalf of Winters Title, which included real estate documents relating to the defendant, were authentic

business records and were records that "were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of these matters," "were kept in the course of regularly conducted activity," and were made as a "regular practice" of Winters Title.  *See* Exhibit No. 11 (Affidavit of Ms. Vanessa Martin).  The affidavit thus satisfies the foundational requirements of Rule 803(6) and 902(11) and the records are accordingly admissible under business records exception.  *See, e.g. Yeley-Davis*, 632 F.3d at 677-81; *Lock*, 723 F.2d at 288; *Fajardo-Guevara*, No. 10-151, 2011 WL 6003840, at *1; *Hudson*, No. 2:09-CR-0171 (E.D. La. Nov. 2, 2011) (unpublished) (Rec. Doc. No. 189 at 6-8).

### H. Tulane University

The United States seeks the admission of business records from Tulane University ("Tulane") for records relating to the defendant.  On October 16, 2012, Timothy G. Meaut, a custodian of records for Tulane, certified that the records he produced, on behalf of Tulane, which included documents relating to the defendant, were authentic business records and were records that "were prepared by Tulane University in the ordinary course of business at or near the act, condition, or event reported therein."  *See* Exhibit No. 12 (Affidavit of Mr. Timothy G. Meaut). The affidavit thus satisfies the foundational requirements of Rule 803(6) and 902(11) and the records are accordingly admissible under business records exception.  *See, e.g. Yeley-Davis*, 632 F.3d at 677-81; *Lock*, 723 F.2d at 288; *Fajardo-Guevara*, No. 10-151, 2011 WL 6003840, at *1; *Hudson*, No. 2:09-CR-0171 (E.D. La. Nov. 2, 2011) (unpublished) (Rec. Doc. No. 189 at 6-8).

### I. Clerk of Court – Civil District Court (Orleans Parish, Louisiana)

The United States seeks the admission of certain court records in the case styled *Lee Zurick v. C. Ray Nagin*, *et al.*, No. 2009-1317, Division B-15 (Orleans Parish Civil District Court, Orleans Parish, Louisiana).  On July 13, 2012, Chelsey Richard Napoleon, Chief Deputy Clerk for Civil

District Court in Orleans Parish, Louisiana, and the Honorable Dale Atkins, Clerk of Court for Civil District Court in Orleans Parish, Louisiana, certified the records provided to the United States in *Zurick v. Nagin* as "true and correct" records. *See* Exhibit No. 13 (Affidavit of Chelsey Napoleon and Dale Atkins). These records are "public records" within the scope of Rule 803(8) of the Federal Rules of Evidence.[3] Because these records are accompanied by a certification that sets out the office, its activities, and a matter observed while under a legal duty to report and are trustworthy, they are admissible under Rule 803(8). FED. R. EVID. 803(8); *see, e.g. In re Moity*, 320 Fed. Appx. 244, 249 (5th Cir. Apr. 7, 2009) (unpublished) ("[c]ertified records from other courts are within the hearsay exception for public records and need no sponsoring witness.") (citing FED. R. EVID. 803(8); *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273, 291-92 (5th Cir. 2002)). Similarly, because they are certified copies of public records, recorded or filed in a public office as authorized by law, and certified by a custodian, they are authenticated under Rule 902(4) of the Federal Rules of Evidence. *See* FED. R. EVID. 902(4).

### J.     Mighty Mowers Lawn & Landscape, LLC

The United States seeks the admission of business records affiliated with Mighty Mowers Lawn & Landscape, LLC ("Mighty Mowers") for lawn maintenance services they performed for the defendant. Jennifer S. Phillips, the custodian of records for Mighty Mowers, certified that the records she produced, on behalf of Mighty Mowers, which included records relating to lawn maintenance services Mighty Mowers performed for the defendant, were authentic business records and were records that "were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of these matters," "were

---

[3] Rule 803(8) provides that "[a] record of statement of a public office [is excepted from the hearsay rule] if… it sets out (i) the office's activities; (ii) a matter observed while under a legal duty to report… and neither the source of the information or other circumstances indicate a lack of trustworthiness."  FED. R. EVID. 803(8).

kept in the course of regularly conducted business activity," and were made as a "regular practice" of Mighty Mowers.  *See* Exhibit No. 14 (Affidavit of Ms. Jennifer Phillips).  The affidavit thus satisfies the foundational requirements of Rule 803(6) and 902(11) and the records are accordingly admissible under business records exception.  *See, e.g. Yeley-Davis*, 632 F.3d at 677-81; *Lock*, 723 F.2d at 288; *Fajardo-Guevara*, No. 10-151, 2011 WL 6003840, at *1; *Hudson*, No. 2:09-CR-0171 (E.D. La. Nov. 2, 2011) (unpublished) (Rec. Doc. No. 189 at 6-8).

### III.  CONCLUSION

For the reasons above, on the basis of the attached certifications, the United States requests that the Court enter an order *in limine* finding that the records from JP Morgan Chase Bank, Whitney Bank, Cellco Partnership (d/b/a Verizon Wireless), Sprint, AT&T Mobility (formerly Cingular), Gulf Coast Claims Facility / Deepwater Horizon Claims Center, Winters Title Agency, Tulane University, Clerk of Court-Civil District Court (Orleans Parish), and Mighty Mowers Lawn & Landscape, LLC are admissible as business records under Rules 902(11) and 803(6), or in the case of the certified records from the Clerk of Court – Civil District Court, are admissible as public records under Rules 902(4) and 803(8), without the need to call foundational witnesses.

Dated: September 20, 2013    Respectfully submitted,

FRED P. HARPER, JR.
FIRST ASSISTANT U.S. ATTORNEY

/s/ Matthew M. Coman
MATTHEW M. COMAN #23613
RICHARD R. PICKENS, II #22593
MATTHEW S. CHESTER
Texas Bar No. 24045650
Assistant United States Attorneys
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3000

## CERTIFICATE OF SERVICE

  I hereby certify that on September 20, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                /s/ Matthew M. Coman
                MATTHEW M. COMAN
                Assistant U.S. Attorney