UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 13-011 |
| v. | * | SECTION: "C"(5) |
| C. RAY NAGIN<br>a/k/a "Mayor Nagin" | * | |
| | * * * | |

UNITED STATES' MEMORANDUM IN
SUPPORT OF OMNIBUS MOTION IN LIMINE

**NOW INTO COURT** comes the United States of America, appearing herein through the undersigned Assistant United States Attorneys, who respectfully move this Honorable Court to exclude: 1) any and all evidence, references, or inferences that the defendant performed "good deeds" on behalf of the citizens of New Orleans and, therefore, acted in conformity with the law on specific occasions; 2) any and all references to potential consequences or sentences that the defendant may face if convicted; 3) any and all arguments suggesting jury nullification; and 4) any and all arguments concerning the prosecutorial motives of the United States or any alleged misconduct.  In support thereof, the United States respectfully would show as follows:

I. FACTS

As alleged in the Indictment, the defendant, C. Ray Nagin ("Mayor Nagin"), participated in a criminal conspiracy, accepted bribes, deprived the public of their right to receive his honest services, laundered money, and falsely reported his income on his tax returns.

Mayor Nagin used his public office and his official capacity to provide favorable treatment to persons who provided him with payoffs intended to influence his performance of his official duties.  These bribe payments included payoffs in the form of checks, cash, granite inventory, wire transfers, personal services, and free travel.  Rec. Doc. No. 1 at 4.  After

accepting the payoffs, Mayor Nagin laundered proceeds from the bribery scheme, and then falsely reported his income to the United States Department of Treasury. Rec. Doc. No. 1 at 4.

## II. LAW AND ARGUMENT

### A. Evidence Of A Defendant's Alleged "Good Deeds" Is Inadmissible.

#### 1. Evidence relating to prior instances of law-abidingness, good deeds, or honest acts are irrelevant to a fair and accurate application of law to the charges outlined in the Indictment.

It is well-settled that "a defendant may not produce evidence of specific instances of law-abidingness as part of his defense" in order to show his good character. *United States v. Hill*, 40 F.3d 164, 168-69 (7th Cir. 1994) (in prosecution for mail theft and forgery of Treasury check, evidence that postal employee-defendant did not take "test letters" was properly deemed inadmissible since prior-honest-act evidence intending to show the defendant was a man of good character and acted in conformity therewith is prohibited); *see also United States v. Cleveland*, 1997 WL 253124, at * 2 (E.D. La. May 14, 1997) (unpublished) (Vance, J.) (court excluded prior good acts of former defendant-legislator because "[a] defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions"). Unless prior instances of "law-abidingness" are essential to the issues before the court, all references to them should be removed from the jury's consideration since they are irrelevant to achieving a fair and accurate application of the law to the facts. *See Cleveland*, 1997 WL 253124, at * 2. In this case, no circumstances exist which would make any of the defendant's so-called "prior honest acts" relevant to whether he committed the crimes outlined in the Indictment. Even if Mayor Nagin could, for example, show that, on some occasion, he "helped" constituents rather commit crimes such as conspiracy, bribery, deprivation of honest services, money laundering, and filing false tax returns, these alleged "good deeds" would not be probative, i.e., would not

make it more or less likely, of whether he committed the crimes charged in the Indictment. *See* FED. R. EVID. 403.

### 2. The Federal Rules of Evidence prohibit the use of specific instances of prior honest acts to prove a defendant's good character.

While Rule 404(a)(1) of the Federal Rules of Evidence permits a criminal defendant to introduce "evidence of a pertinent trait of character," Rule 405(a) precludes the introduction of specific instances in which the defendant acted in conformity with that trait, and only allows it in the form of reputation or opinion testimony. *See* FED. R. EVID. 404(a)(1) and 405(a); *United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991) (defendant's prior refusals of opportunities to join drug trafficking conspiracy was properly excluded as inadmissible prior "good acts," as evidence of good conduct is not admissible to negate criminal intent); *United States v. Scarpa*, 897 F.2d 63, 70 (2nd Cir. 1990); *United States v. O'Connor*, 580 F.2d 38 (2nd Cir. 1978) (defendant may not seek to establish his innocence through proof of the absence of criminal acts on specific occasions; tape recorded phone calls with no drug references was properly excluded). Consequently, evidence of specific instances of other so-called "good deeds" is inadmissible, even if "law-abidingness" is a pertinent or essential character consideration for the jury.

### 3. Invoking sympathy through evidence of "good deeds" is also prohibited.

The United States believes the defense may attempt to inject sympathy through evidence of other alleged "good deeds" into the jury's deliberation in order to confuse and mislead them into violating their obligation to "base [their] verdict solely upon the evidence, without prejudice or sympathy." *See* Fifth Circuit Pattern Jury Instructions, §1.04, Duty to Follow Instructions (2012) (alteration not in original). The defendant may attempt to persuade the jury that he was a hard working public servant who bestowed a host of benefits upon the City of New Orleans and

its citizens, and consequently, should not be convicted because he is an alleged "do-gooder."  By injecting sympathy into the jury's deliberations, the defense would effectively divert the jury from their sole obligation: the duty to decide guilt or innocence based upon the evidence.  *See* Fifth Circuit Pattern Jury Instructions, §1.01, Preliminary Instruction (2012) ("You, and you alone, will be the judges of the facts"), §1.04, Duty to Follow Instructions (2012) ("It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy").  In the Court's pursuit of a fair trial for all parties, it is imperative that irrelevant matters such as sympathy be excluded.  Unless the evidence is relevant to the charges before the Court, it is simply not admissible.  Nothing in this record or existing jurisprudence supports the introduction of any alleged prior "good deeds" on the part of this defendant.  Whether the defendant was responsible for providing any public benefit to the citizens of New Orleans is completely irrelevant to the crimes outlined in the Indictment.

Consistent with the Fifth Circuit's jury instructions, courts have repeatedly held that neither prejudice nor sympathy should play a role in a jury's decision.  In fact, the Supreme Court has upheld jury instructions directing jurors not be swayed or influenced by "mere sympathy."  *California v. Brown*, 479 U.S. 538, 543 (1987); *see also Saffle v. Parks*, 494 U.S. 491, 495 (1990).  The Supreme Court clearly believes that if juries are permitted to consider their emotions or sympathies, the objectives of fairness and accuracy are "more likely to be threatened than promoted."  *Saffle*, 494 U.S. at 495.  Simply put, a jury's decision, especially during the guilt phase of a criminal trial, should be based upon the evidence, and not upon their sympathy for either the defendant or the victim of a particular crime.  *See Byrne v. Butler*, 847 F.2d 1135, 1139-40 (5th Cir. 1988).

Accordingly, the United States respectfully requests that the defendant not be permitted to discuss or make reference to any alleged prior instances of law-abidingness or good deeds.

### B. The Defense Should Be Prohibited From Making Reference to any Consequences of Conviction, including Sentencing.

Any use or mention of the consequences of a conviction by the defendant or his attorney in the presence of the jury is improper and not permitted under binding precedent. The only purpose in disclosing this information to the jury would be in an attempt to create sympathy for the defendant as it is immaterial to any issue related to the elements of the charged crimes or defenses. It is well settled that "[p]unishment is a matter exclusively within the province of the court and is not to be considered by the jury in arriving at an impartial verdict." *Rogers v. United States*, 422 U.S. 35, 40, n.2 (1975). "[T]he jury [has] no sentencing function and should reach its verdict without regard to what sentence might be imposed." *Id.*; *see also United States v. Shannon*, 981 F.2d 759 (5th Cir. 1993) (quoting *Rogers* and stating that "this Circuit has long recognized that punishment and sentencing are matters entrusted exclusively to the trial judge"); *United States v. Bolar*, No. 09-138 (E.D. La. 2009) (Rec. Doc. 82 at 1) (unpublished); *United States v. Jefferson*, No. 08-085 (E.D. La. 2008) (Rec. Doc. 90 at 1, 5) (unpublished); *United States v. Impastato*, 2007 WL 2463310, at *7 (E.D. La. Aug. 28, 2007) (unpublished) ("[P]unishment is a matter exclusively within the province of the court and is not to be considered by the jury in arriving at an impartial verdict.") (quoting *Rogers*, 422 U.S. at 40, n.2) (unpublished). Indeed, citing this principle, courts in this district (and elsewhere) have held that "[i]t is inappropriate . . . for either party to make arguments concerning what sentence might be imposed." *Cleveland*, 1997 WL 253124, at *3; *see United States v. Aucoin*, 1990 WL 86452, at *1 (E.D. La. June 19, 1990) (unpublished) (granting motion in limine to preclude references to possible sentences and stating "[t]he Court agrees that matters of punishment and sentencing are

5

not issues for the jury to consider"); *see also United States v. Williams*, 2006 WL 2850063, at *3 (S.D. Tex. Oct. 3, 2006) (granting motion in limine to preclude references to potential punishments). Underscoring the importance of this concept, the Fifth Circuit Pattern Jury Instructions, Section 1.20 includes an admonishment from the Court instructing the jury that it is the Court's duty to decide "what the punishment will be" and that the jury "should not be concerned with punishment in any way. It should not enter [the] consideration or discussion." *See* Fifth Circuit Pattern Jury Instructions (2012), §1.20.

Accordingly, the United States respectfully requests the defendant not be permitted to discuss or make reference to any potential punishment or other adverse consequence he may face if convicted, including, but not limited to, the length (or likelihood) of imprisonment.

### C. The Defense Should Be Prohibited From Making Jury Nullification Arguments.

The United States urges this Court prohibit the defendant from arguing or suggesting in any way that it is appropriate for a jury to acquit the defendant despite finding proof beyond a reasonable doubt as to any charges. Courts have roundly rejected jury nullification arguments. Courts have also rejected the notion that otherwise irrelevant evidence may be admissible because it supports a jury nullification argument or verdict. Indeed, since the Supreme Court's decision in *Hansen v. United States*, 156 U.S. 51 (1895), "[f]ederal courts have uniformly recognized the right and the duty of the judge to instruct the jury on the law and the jury's obligation to apply the law to the facts, and that nullification instructions should not be allowed." *United States v. Drefke*, 707 F.2d 978, 982 (8th Cir. 1983); *see also United States v. Carr*, 424 F.3d 213, 220 (2d Cir. 2005) ("We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent."); *United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997)

(jury nullification is not to be sanctioned by instructions, but is to be viewed as an aberration under our system); *United States v. Desmarais*, 938 F.2d 347, 350 (1st Cir. 1991) (it is "improper to urge the jury to nullify applicable law."); *United States v. Trujillo*, 714 F.2d 102, 105-06 (11th Cir.1983) ("We therefore join with those courts which hold that defense counsel may not argue jury nullification during closing argument."); *United States v. Childress*, 746 F. Supp 1122, 1140 (D.D.C. 1990) (a defendant has no right to have the court inform the jury of its inherent power to acquit nor may counsel argue jury nullification in closing argument).

The law is plain that it is improper for the defendant to suggest in any way that the jury should acquit the defendant irrespective of the government satisfying its burden of proof. *See e.g. United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly."); *Scarpa, v. Dubois*, 38 F.3d 1, 11 (1st Cir. 1994) (noting that "defense counsel may not press arguments for jury nullification in criminal cases.").

Accordingly, the United States respectfully requests the defendant not be permitted to suggest to the jury that they may disregard their sworn duty to weigh the evidence in order to determine the defendant's guilt or innocence.

> **D. The Defense Should Be Prohibited from Making any Argument which Questions the Prosecutorial Motives of the United States (Selective Prosecution) or from Arguing any Prosecutorial Misconduct.**
>
> **1. Allegations or suggestions of an improper motive by the prosecution or that the defendant was selectively prosecuted are irrelevant and, therefore, inadmissible.**

The United States urges this Court to preclude the defendant (through counsel or otherwise) from arguing or pursuing lines of inquiry suggesting the defendant was charged not because of the evidence in the case, but rather as a result of some improper motive. The only

proper vehicle for such a claim is by pre-trial motion made to the Court, not at the trial on the merits before the jury. As the Supreme Court has plainly stated, "[a] selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996).

A claim for selective prosecution covers those instances where a defendant seeks to show that he has been prosecuted due to a bad or impermissible motive by the prosecution. "[I]n order to make out a claim of selective prosecution, the defendant must show: 1) that others similarly situated have not been prosecuted, and 2) that the Government's prosecution of him is selective, invidious, in bad faith or based on impermissible considerations such as race, religion, or his exercise of constitutional rights." *United States v. Hayes*, 589 F.2d 811, 819 (5th Cir. 1979).

Claims of selective prosecution must be raised before trial and resolved outside the presence of the jury. *See United States v. Regan*, 103 F.3d 1072, 1082 (2d Cir. 1997) (holding that a selective prosecution defense is an issue ***for the court rather than the jury*** "because it involves a 'defect in the institution of the prosecution'"); *United States v. Jones*, 52 F.3d 924, 927 (11th Cir. 1995); *United States v. Miller*, 799 F.2d 985, 988 (5th Cir. 1986); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) (finding that "the issue of selective prosecution is one to be determined by the court"); *United States v. Jarrett*, 705 F.2d 198, 204-05 (7th Cir. 1983) (finding claims of selective prosecution must be raised before trial); *Impastato*, 2007 WL 2463310 at *6-7; *accord*: *United States v. Berrigan*, 482 F.2d 171, 174-175 (3rd Cir. 1973); *United States v. Napper*, 553 F.Supp. 231, 232 (E.D.N.Y. 1982). "Because the issue of selective prosecution relates not to the guilt or innocence of the accused, but rather addresses itself to a constitutional defect in the institution of prosecution, the claim should be treated as an

application to the court for a dismissal or quashing of the prosecution and thus should be decided by the court." *United States v. Cyprian*, 756 F.Supp. 388, 392 (N.D. Ind. 1991).

A motion in limine is the appropriate means to prohibit the defendant's presentation of selective prosecution issues to the jury. *See United States v. Cantu*, 557 F.2d 1173, 1177-78 (5th Cir. 1977). Such claims are to be resolved on the basis of a pretrial motion filed in accordance with FED. R. CRIM. P. 12(b)(1). *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983).

To date, the defendant has filed no such selective prosecution motion. "Failure of a party to raise defenses or objections . . . at the time set by the court pursuant to subdivision (c), or prior to any extension thereof made by the court, shall constitute waiver thereof, . . . ." FED. R. CRIM. P. 12(f). "Rule 12(f) specifically provides that the failure to raise an objection that must be made before trial is waived." *United States v. Chavez-Valencia*, 116 F.3d 127, 131 (5th Cir.1997); *accord*: *United States v. Schmidt*, 935 F.2d 1440, 1450 (4th Cir. 1991) (court upheld the denial of a requested jury instruction on a claim of selective prosecution).

### 2. Allegations or suggestions of prosecutorial misconduct are irrelevant and, therefore, inadmissible at trial.

Similarly, the defendant should be barred from arguing or suggesting in any way that his prosecution originated or was affected in some fashion by a strain of prosecutorial misconduct. Courts have routinely granted motions in limine "to bar defendants from presenting evidence or making arguments to the jury that they should be acquitted because the government engaged in misconduct in the course of its investigation." *United States v. Shields*, 1991 WL 236492, at *3 (N.D. Ill. 1991) (unpublished); *see United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument"); *United States v. Finley*, 708 F. Supp. 906, 913-914 (N.D. Ill. 1989) (granting

motion in limine to preclude evidence "which is not relevant to defendants' guilt but is designed only to persuade the jury that defendants should be acquitted because the government engaged in misconduct during its investigation.").

While the defense has not alluded to anything specific as of yet, the United States believes it is imperative to avoid such issues at trial. For example, the defendant could attempt to divert the jury's attention away from the determination of his guilt or innocence by misleading the jury into focusing on irrelevant and inadmissible issues. Specifically, the defendant could attempt to shift the jury's focus on his own actions and that of his coconspirators by blaming the instant prosecution on a "shadow government." Indeed, such arguments are legally irrelevant and simply invite the jury to focus and deliberate on inconsequential issues instead of whether the defendant committed the acts charged in the Indictment.

### III.  CONCLUSION

For the reasons set forth above, the United States requests that the Court enter an order excluding any argument or testimony as discussed in this memorandum.

                Respectfully submitted,

                FRED P. HARPER, JR.
                FIRST ASSISTANT U.S. ATTORNEY

                /s/ Matthew M. Coman
                MATTHEW M. COMAN #23613
                RICHARD R. PICKENS, II #22593
                MATTHEW S. CHESTER
                Texas Bar No. 24045650
                Assistant United States Attorneys
                650 Poydras Street, Suite 1600
                New Orleans, Louisiana  70130
                Telephone:  (504) 680-3116

### CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                /s/ Matthew M. Coman
                Matthew M. Coman
                Assistant U.S. Attorney