UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-11 |
| C. RAY NAGIN, ETC. | SECTION "C" |

ORDER AND REASONS

This matter comes before the Court on motion in limine for determination that records qualify as business records under Federal Rule of Evidence 803(6) and notice of intent to offer affidavits under Federal Rule of Evidence 902(11) filed by the United States. Rec. Doc. 29. Having considered the record, the memoranda of counsel and the law, the Court rules as follows.

The government invokes Fed. R. Evid. 104 and asks that the Court recognize the evidence as admissible under the business and public exceptions to the hearsay rule under Fed. R. Evid. 803(6) & (8) and as properly authenticated with certifications that comply with Fed. R. Evid. 902(4) & (11), consistent with *Crawford v. Washington*, 541 U.S. 36 (2004) and *United States v. Morgan*, 505 F.3d 332 (5th Cir. 2007).[1] The defendant

---

[1] Throughout its motion, the government refers to the text of the relevant Federal Rules of Evidence that appears to reflect previously-enacted versions of the rules. Rec.

1

opposes the motion with the argument that any business record is testimonial in nature, despite *Crawford* and *Morgan*, because those cases "were cases where the bulk of the evidence the government offered in its case-in-chief against the defendant was comprised of business records the government offered via affidavit, as is the case here."[2] Rec. Doc. 48-1 at 5. Drawing on Supreme Court language in *Crawford* pertaining to statements, the defendant argues that [r]eliability of <u>affiants</u> is an amorphous, if not entirely subjective concept." *Crawford*, 541 U.S. at 63; Rec. Doc. 48-1 at 3 (emphasis added).

    The Fifth Circuit in *Morgan* specifically recognized that business and public records are not testimonial in nature and their admission at trial does not offend the Confrontation Clause. *Morgan*, 505 F.3d at 339. Apparently the credibility of the various record custodians is part of the defense here, and accepting certifications that comply with the Federal Rules of Evidence would be "[l]eaving the defense with an empty witness stand, with no witness to cross examine concerning the contents of business records that form the basis for most if not all of the government's case-in-chief against the defendant." Rec. Doc. 48-1 at 5.

---

Doc. 29-1 at 2-3. Fortunately, the substance of the current rules is the same.

  [2]It appears to the Court that the defendant heavily relies on language from cases discussed in *Crawford* but abrogated by the rule announced in that case. *Crawford*, 541 U.S. at 62-63; Rec. Doc. 48-1 at 4.

The Court will allow the defendant a full opportunity to defend himself and, at this time, will allow that defense to include the time-consuming cross-examination of various record custodians and a representative of a clerk of court to challenge the reliability of business and court records.  However, the Court will not allow the defendant to decide at trial that these witnesses and this cross-examination are no longer necessary, thereby leaving the jury with the false impression that the government is unnecessarily calling these witnesses or that it is the government, and not the defendant, who chose to dedicate trial time to the cross-examination of these witnesses.

Accordingly,

IT IS ORDERED that the motion in limine for determination that records qualify as business records under Federal Rule of Evidence 803(6) and notice of intent to offer affidavits under Federal Rule of Evidence 902(11) filed by the United States is DENIED without prejudice to the right to reurge the motion at the pre-trial conference.  Rec. Doc. 29.

New Orleans, Louisiana, this 4th day of October, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE