UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO. 13-11

C. RAY NAGIN, ETC.                           SECTION "C"

ORDER AND REASONS

This matter comes before the Court on omnibus motion in limine filed by the United States. Rec. Doc. 30. Having considered the record, the memoranda of counsel and the law, the Court rules as follows.

The defendant is charged in an indictment with 21 counts of conspiracy, bribery, honest services wire fraud, money laundering conspiracy, and filing false tax returns. In its motion, the government asks for an order precluding certain defense conduct at trial. The defendant opposes the motion.

First, the government seeks the exclusion of "good deed" evidence, references or inferences by the defense. Generally, evidence of such specific acts of good character are irrelevant to the charges contained in the indictment. *United States v. Marrero*, 904 F.2d 251 (5th Cir. 1990). Under Fed. R. Evid. 404(a)(2), a criminal defendant may offer

1

evidence of his pertinent character trait by reputation or opinion and, where that trait is an essential element of the charge, claim or defense, with evidence of specific instances of conduct, as provided in Fed. R. Evid. 405.  The Court disagrees with the defense that the issue of the defendant's good deeds "is at the very core of the government's charges." Rec. Doc. 35 at 2.  The Court also disagrees that there is a relevant issue whether the defendant ever provided honest services "during his tenure" as mayor, as argued by the defense.   Rec. Doc. 35 at 3.  Instead, it is alleged criminal conduct that underlies the charges, which include charges pertaining to a scheme or artifice to defraud another of honest services through a bribery and kickback scheme.  18 U.S.C. § 1346; *Skilling v. United States*, 130 S.Ct. 2896 (2010).  Although evidence relevant to the "context" in which the defendant's alleged conduct occurred would be admissible, as argued by the defendant, the defendant has not articulated what character traits would be arguably admissible as an essential element of a charge, claim or defense for purposes of Fed. R. Evid. 405(b).[1]   Rec. Doc. 35 at 3.  The defendant can supplement his response with that clarification.

---

[1] Rule 405 provides two methods of proving character:
**(a) By Reputation or Opinion.** When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion.   On cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct.
**(b)  By Specific Instances of Conduct.** When a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct."

Second, the government seeks to exclude defense references to potential consequences or sentences that may be imposed upon a verdict of guilty. The defendant does not oppose the motion on this ground.

Third, the government seeks to preclude the defense from arguments suggesting jury nullification. The defendant states that "it is highly unlikely that the defendant would ever make such an argument," the standard jury charges and admonitions will suffice if the defense does. Rec. Doc. 35 at 5. The Court finds the government's motion on this ground has merit.

Finally, the government seeks to preclude the defense from making any reference to prosecutorial motives or misconduct at trial. The parties agree that any such argument must be presented to the Court before trial. No such motion has been filed.

Accordingly,

IT IS ORDERED that the omnibus in limine motion filed by the United States is GRANTED in part and DEFERRED in part for clarification as to character traits. Rec. Doc. 30.

New Orleans, Louisiana, this 4th day of October, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE