UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION |
| VERSUS | NO. 13-11 |
| C. RAY NAGIN | SECTION "C" (5) |

### ORDER AND REASONS

This matter comes before the Court on the defendant's opposed Motion for Continuance with Waiver of the Statutory Speedy Trial Provisions. Rec. Doc. 77. The motion argues that the interests of justice require a continuance to enable defense counsel to adequately prepare. The government opposes stating that the time allowed has already been adequate. Rec. Doc. 83.

The Speedy Trial Act requires that in a case where "a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date occurs last." 18 U.S.C. § 3161(c)(1); *United States v. Burrell*, 634 F.3d 284, 286 (5th Cir. 2011). Delay is excluded from the 70-day calculation if it comes as a result of a continuance when the ends of justice served by continuing the trial outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Factors relevant to "ends of justice" determination include whether failure to continue would result in a miscarriage of justice or deny counsel for the defendants or the government reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. §§ 3161(h)(7)(B)(i), 3161(h)(7)(B)(iv).

In this case, the considerable number of documents that the government intends to offer against the defendant militate in favor of granting the requested continuance. The conduct charged in the indictment spans the entirety of the defendant's tenure as Mayor of the City of New Orleans from 2002 to 2010. The defendant is alleged to have conspired with no fewer than six co-conspirators in a conspiracy furthered by no fewer than 59 overt acts. Certain overt acts are not alleged to have involved the defendant directly. This separation heightens the need for scrupulous investigation into the documentary evidence. Thus, the Court deems the asserted need for additional preparation well-founded.

Under the circumstances, the ends of justice to be served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial. *Burrell*, 634 F.3d at 287. The failure to grant such a continuance would likely result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i). Additionally, a denial of continuance would deny counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due dilligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

In light of the foregoing, IT IS ORDERED that the Motion to Continue Trial and Pretrial Conference is GRANTED. Rec. Doc. 77.

New Orleans, Louisiana, this 24th day of October, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE