UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-11 |
| C. RAY NAGIN | SECTION "C" (5) |

ORDER AND REASONS

Considering the Defendant's Proposed Voir Dire Questions, Rec. Doc. 64 at 3-8, the Government's objections, Rec. Doc. 92, and the Defendant's response to those objections, Rec. Doc. 101, in addition to the record and the applicable law, IT IS ORDERED that:

1. The Government's objection to proposed question #14 is SUSTAINED. The Court will ask the jurors whether they understand that the indictment, that is the Government's charge against the Defendant, is not evidence of his guilt, and whether they will so regard the indictment during the Defendant's trial.

2. The Government's objection to question #18 is SUSTAINED. The Court will ask the prospective jurors whether they "will give the Defendant the benefit of the presumption of innocence throughout the trial, unless and until, after deliberation, you and your fellow jurors find him guilty beyond a reasonable doubt based on evidence presented at trial."

3. The Government's objection to questions #20 and #22 are deemed MOOT, in light of the Defendant's agreement to withdraw those questions. Rec. Doc. 101 at 2.

4. The Government's objection to question #24 is SUSTAINED. The Court will ask the jury whether they understand that they may not draw inferences of guilt from the mere fact

1

        that the Government has accused the Defendant and whether they will refrain from doing so throughout Defendant's trial.

5.    The Government's objections to proposed questions #25 and #26 are SUSTAINED. These questions attempt to rephrase the jurors' obligation to presume the Defendant innocent, an issue covered sufficiently in a different part of voir dire.

6.    The Government's objection to proposed question #27 is SUSTAINED. By implying that each individual juror is responsible not only for applying but also upholding the law, question #27 adds a confusing and unwelcome layer to the jury's role in this case. The jury will be appropriately instructed regarding the circumstances that require acquittal under the law. *See* Fifth Circuit Pattern Jury Instruction 1.05.

7.    The Government's objection to proposed question #31 is SUSTAINED. The Court intends to ask the prospective jurors, assuming they were in the position of counsel or the Defendant, whether they know of any reason why they would not be satisfied to have this case tried by someone in their frame of mind.

8.    Although the Government has not objected, the Court will modify proposed question #29 to more accurately reflect the applicable law. The words "more evidence" and "fairly weigh and consider" are poorly defined in the question. As written, the question implies that a juror is prohibited from giving greater weight to testimony or evidence that is corroborated by other testimony or evidence during the trial. The Court will ask separately (A) whether the prospective jurors will require the Defendant to prove his innocence and (B) whether the fact that the Government presents a greater number of witnesses or exhibits will prevent the prospective jurors from considering and weighing all of the evidence presented. These questions succinctly track the jurors' obligations under law. *See* Fifth Circuit Pattern Jury Instructions 1.05 & 1.07.

9.    The remaining proposed questions shall be included with the standard voir dire to the extent that they are not cumulative of those standard questions.

New Orleans, Louisiana, this 17th day of January, 2014.

                                                                _____
                                                                HELEN G. BERRIGAN
                                                                UNITED STATES DISTRICT JUDGE