UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
AT NEW ORLEANS

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  SEP 10 2019
WILLIAM W. BLEVINS
CLERK

| | |
|---|---|
| C. RAY NAGIN, | ) |
| Movant, | ) USDC Case No. 2:17-cv-10607 |
| v. | ) |
| | ) USDC Case No. 2:13-cr-11 |
| UNITED STATES OF AMERICA, | ) |
| | ) Hon. Jane Triche Milazzo |
| Respondent. | ) United States District Judge |

## MOVANT–APPELLANT'S NOTICE OF APPEAL AND CONTEMPORANEOUS REQUEST FOR CERTIFICATE OF APPEALABILITY PURSUANT TO RULE 4(a)(1) AND 28 U.S.C. §2253

COMES NOW C. RAY NAGIN, Movant–Appellant *pro se* in the above styled and numbered cause and respectfully submits this timely Notice of Appeal and Annexed Request for a Certificate of Appealability ("COA").

IN SUPPORT THEREOF, Movant would show the Court the following facts, circumstances, and points of law:

### I. Notice of Appeal

On July 15, 2019, this Court filed an Order and Reasons denying in all respects Movant's then pending Motion to Vacate filed pursuant to 28 U.S.C.

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

TENDERED FOR FILING
SEP 10 2019
U.S. DISTRICT COURT
Eastern District of Louisiana

§2255. [DE[1] #235]. Thereafter, on July 31, 2019, this Court entered a Judgment denying Mr. Nagin's Motion to Vacate. [DE #236].

Accordingly, pursuant to Rule 4(a)(1)(B), Federal Rules of Appellate Procedure ("FRAP"), and 28 U.S.C. §2255(d), Movant now timely submits his Notice of Appeal from that Order and each and every part thereof to the United States Court of Appeals for the Fifth Circuit.

Movant respectfully and specifically asks the Court to grant COA on the issues and questions set forth below pursuant to 28 U.S.C. §§2253(a), (c)(1)(B) & (c)(2–3).

## II. Request and Application For Issuance of COA

Despite the applicable rule instructing that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant,"[2] the court's Order and Judgment were both silent as to whether

---

[1] DE refers to docket entries in *United States v. Nagin*, 2:13-cr-11 (E.D.LA.).

[2] See *Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts* (2010).

2

Mr. Nagin was granted or denied a COA. [DE #235, #236]. Hence, Mr. Nagin respectfully applies to this court for issuance of COA.

Pursuant to the applicable statute and Local Rules of the Court, Movant timely advances his request for COA from this Court on each of the following grounds relating to issues raised within his Motion to Vacate under 28 U.S.C. §2255, supporting pleadings, reply and this Court's Order and Reasons, and as follows:

[1]. **1st Question Presented on Request and Application for COA**

Did this Court err or alternatively abuse its discretion in refusing to conduct an evidentiary hearing on Mr. Nagin's claim of actual innocence under *McDonnell* where the record did not conclusively refute that claim?

[2]. **2nd Question Presented on Request and Application for COA**

Did the lower court err or alternatively abuse its discretion in concluding that " the interpretation of 'official act' [] by the Supreme Court in *McDonnell* was [not] so novel" that it constitutes cause for Mr. Nagin's procedural default of the issue on direct review?

[3]. **3rd Question Presented on Request and Application for COA**

Did this Court err or alternatively abuse its discretion in refusing to conduct an evidentiary hearing on Mr. Nagin's ineffective assistance of

counsel claims which were adequately pleaded, uncontested by his former counsel, and not conclusively refuted by the record, triggering his statutory right to an evidentiary hearing, and where several genuine issues of material fact necessitated such hearing?

### [4]. 4th Question Presented on Request and Application for COA

Did this Court err or alternatively abuse its discretion in refusing to conduct an evidentiary hearing on Mr. Nagin's claim of prosecutorial misconduct which was adequately pleaded and not conclusively refuted by the record, triggering his statutory right to an evidentiary hearing, and where the availability of potential material testimony warranted such hearing?

### III. Conclusion

Movant respectfully submits that he has presented viable and compelling questions which encompass the required "substantial showing of the denial of a constitutional right" and that "jurists of reason would find this Court's denial of those claims debatable or wrong."[3] He is therefore entitled to and move this Court for issuance of COA and certification of the questions posed or some derivative.

WHEREFORE, premises considered and for good cause shown, Movant

---

[3] *See, Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller–El v. Cockrell*, 537 U.S. 322 (2003)

4

respectfully requests that this Court issue a COA on each of the questions advanced above and more fully set forth and argued in his 28 U.S.C. §2255 Motion, Reply, and supporting pleadings.

Respectfully submitted this 4th day of September, 2019.

C. Ray Nagin, *Pro Se*
Register #32751-034
Fed. Satellite Camp Texarkana
P.O. Box 7000
Texarkana, Texas 75505

## NOTICE OF TIMELY FILING & CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, under penalty of perjury, pursuant to 28 U.S.C. Section 1746, that:

1. I am delivering my original *pro se* notice of appeal and contemporaneous request for COA, properly addressed and first-class postage pre-paid, to prison officials for forwarding through the prison legal mailing system to: Clerk, United States District Court for the Eastern District Louisiana, Room C-151, 500 Poydras Street, New Orleans, LA 70130, and,

2. A true and correct copy of my *pro se* notice of appeal and contemporaneous request for COA has been mailed, first class postage prepaid, to: opposing counsel, Assistant United States Attorney, Richard R. Pickens, Jr., United States Attorney's Office, 650 Poydras Street, Suite 1600, New Orleans, LA 70130.

Done and executed this 4th day of September 2019.

C. Ray Nagin, *Pro Se*
Register #32751-034





Eastern District of Louisiana
Deputy Clerk