UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 13-011** |
| **C. RAY NAGIN** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Defendant's Motion to Have Property Returned and Rights Restored after Completion of Sentence and Probation (Doc. 257). For the following reasons, the Motion is **DENIED**.

### BACKGROUND

Defendant Ray Nagin has moved at the completion of his term of supervised release for the restoration of his rights to own a firearm and vote in federal elections, as well as the return of his passport. The Government opposes. The Court will address each request in turn.

### LAW AND ANALYSIS

**A. Return of Right to Own a Firearm**

Because of his felony conviction, Defendant is prohibited by 18 U.S.C. § 922(g)(1) from possessing, distributing, or receiving firearms. Defendant requests reinstatement of his right to possess a firearm, citing his safety

1

concerns. Defendant does not, however, cite to any law supporting this request. The Government correctly responds that Defendant's request is governed by 18 U.S.C. § 925(c), which provides that a person who is prohibited from possessing a firearm may apply to the Attorney General for relief from that prohibition. The Supreme Court has held that "an actual adverse action on the application" is a prerequisite for judicial review.[1] Accordingly, this Court lacks jurisdiction to consider Defendant's request.[2]

### B. Return of Right to Vote

Next, Defendant seeks reinstatement of his right to vote in federal elections. Again, Defendant provides no law in support of his request. The Government correctly points out that disenfranchisement is a state issue. "[T]he Elections Clause empowers Congress to regulate how federal elections are held, but not who may vote in them."[3] And the Supreme Court has held that a state has the power to disenfranchise persons convicted of a felony.[4]

---

[1] United States v. Bean, 537 U.S. 71, 76 (2002).

[2] *See* United States v. Alston, 2023 WL 4758734, at *19 (E.D.N.C. July 18, 2023) ("Congress has prohibited the Executive Branch from using appropriated funds 'to investigate or act upon applications for relief from [f]ederal firearms disabilities under' § 925(c) for more than 30 years. Consolidated Appropriations Act, 2022, Pub. L. No. 117–103, 136 Stat. 49; *United States v. Bean*, 537 U.S. 71, 74–76 (2002). And without the Attorney General's denial of a petition, federal courts lack jurisdiction to grant the relief § 925(c) allows. *Bean*, 537 U.S. at 75–78. Thus, while this rights-restoration provision exists in theory, it is illusory in practice.").

[3] Arizona v. Inter Tribal Council of Ariz., Inc., 570 U.S. 1, 16 (2013).

[4] Richardson v. Ramirez, 418 U.S. 24 (1974).

Accordingly, Defendant's request for reenfranchisement should be directed at the state in which he hopes to vote.

### C. Return of Passport

Finally, Defendant seeks the return of his passport, which he alleges he surrendered after his sentencing. Again, he provides no law in support of this request. The Government does not oppose the requested release but notes that the U.S. Attorney's Office is no longer in possession of Defendant's passport. Defendant should direct his request to the U.S. Department of State.

### CONCLUSION

For the foregoing reasons, Defendant's Motion is **DENIED**.

New Orleans, Louisiana, this 6th day of June, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

3